**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI, FLORIDA**

99-3458

| | |
|---|---|
| **MAZEN AL NAJJAR,** | )    **CASE NO.** |
| | ) |
| Petitioner/Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **JANET RENO, Attorney General,** | ) |
| **United States Department of Justice;** | ) |
| **DORIS MEISNER, Commissioner,** | ) |
| **Immigration and Naturalization Service;** | ) |
| **PAUL SCHMIDT, Chairman, Board of** | ) |
| **Immigration Appeals;** | ) |
| **ROBERT WALLIS, District Director,** | ) |
| **Miami District of the INS; and** | ) |
| **S. KENT DODD, Warden, Manatee** | ) |
| **County Downtown Facility;** | ) |
| | ) |
| Respondents/Defendants. | ) |
| | ) |

## VERIFIED PETITION FOR HABEAS CORPUS AND
## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.    Petitioner/Plaintiff Dr. Mazen Al Najjar (Petitioner or Dr. Al Najjar) has been detained by respondents-defendants (respondents) for two and one-half years -- since May 1997 -- on the basis of secret evidence that neither he nor his lawyers have been permitted to see. The Immigration and Naturalization Service (INS) claims that the evidence, which was submitted *in camera* and *ex parte*, shows that Dr. Al Najjar poses a threat to national security. Yet it has never charged him with criminal activity of any kind, much less an act of terrorism. The only ground that

1



the INS or the Executive Office of Immigration Review (EOIR) has ever asserted for detaining him is his alleged political association with the Palestine Islamic Jihad (PIJ). The INS has never alleged that he has furthered or sought to further any illegal acts of the PIJ. Dr. Al Najjar requests that this Court order his immediate release on bond pending the outcome of his deportation proceedings on the grounds that his detention violates the Immigration and Nationality Act (INA), the Due Process Clause of the Fifth Amendment, and the First Amendment to the United States Constitution.

**JURISDICTION**

2.      This action arises under the United States Constitution and the Immigration and Nationality Act, 8 U.S.C. §§ 1101 et seq. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241 et. seq, and Art. I, § 9, Clause 2, of the Constitution (Suspension Clause) and federal question jurisdiction pursuant to 28 U.S.C. §1331.      Petitioner is in custody under color of the authority of the United States, in violation of the Constitution and laws of the United States. Petitioner has exhausted all of the administrative remedies that were available to him.  An Immigration Judge denied his request for reconsideration of bond and ordered him detained without bond on June 23, 1997. Exh. A.[1] The Board of Immigration Appeals denied his administrative appeal of the decision to deny him bond on September 15, 1998. Exh. B. The BIA issued a final order of deportation on October 26, 1999. Exh. H.

---

[1] All exhibits cited herein are attached to Petitioner's Memorandum in Support of Petition for Habeas Corpus and Expedited Hearing on Request for Release, filed simultaneously with this Petition and Complaint.

2

## VENUE

3.      Venue lies in this Court because the Petitioner is being detained under the authority and jurisdiction of the INS District Director, who is located in Miami, Florida. Petitioner is currently detained in the Manatee County Downtown Facility, located in Bradenton, Florida.

## PARTIES

4.      Petitioner is a stateless Palestinian who first entered the United States in 1981 and last entered the United States in 1984.  Prior to his detention by the INS in May 1997, Dr. Al Najjar resided in Tampa, Florida with his wife and three U.S. citizen daughters.

Defendant/Respondent Janet Reno is sued in her official capacity as the Attorney General of the United States.  In this capacity she has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103, routinely does and transacts business in the Southern District of Florida, and is Dr. Al Najjar's legal custodian.

5.      Defendant/Respondent Doris Meissner is sued in her official capacity as the Commissioner of the INS.  In this capacity she has responsibility of administering and enforcing the immigration laws pursuant to 8 U.S.C. § 1103, routinely transacts business in the Southern District of Florida, and is Dr. Al Najjar's legal custodian.

6.      Defendant/Respondent Paul Schmidt is sued in his official capacity as Chair of the Board of Immigration Appeals, Executive Office for Immigration Review.  The BIA is an administrative body charged with the duty to administer, consider and adjudicate appeals from decisions made by Immigration Judges.  Dr. Al Najjar is detained pursuant to decisions issued by the Board of Immigration Appeals.

3

7.      Defendant/Respondent Robert Wallis is the District Director of the Miami District of the INS and is sued in his official capacity. In this capacity he is responsible for the administration and enforcement of the immigration laws in Florida, and is Dr. Al Najjar's legal custodian.

8.      Defendant/Respondent S. Kent Dodd is the Warden of the Manatee County Jail and is sued in his official capacity. In this capacity he is responsible for the actual physical custody of, and is a legal custodian of, Dr. Al Najjar.

## FACTS

9.      Dr. Al Najjar, a stateless Palestinian born in Gaza, first entered the United States in 1981. Since his entry, he has resided continuously in the United States with the exception of two brief trips abroad in 1982 and 1984. He received a Bachelor's degree in Civil Engineering from Cairo University in 1979, a Master's degree in Industrial Engineering from North Carolina Agricultural and Technical State University in 1984, and a Ph.D. in Industrial Management and Systems Engineering from the University of South Florida in 1994. With his wife, Fedaa Al Najjar, he has three U.S. citizen daughters, who are 4, 9, and 11 years of age. His parents are lawful permanent residents of the United States.

10.     Until his detention in May 1997, Dr. Al Najjar was active in Arab American and Muslim communities in the Tampa, Florida region. He helped to found a mosque in Tampa and served as its prayer leader and president. He taught engineering and Arabic courses for six years at the University of South Florida. He also worked as a co-editor of a research journal on Islamic and Arabic studies for five years for the World and Islam Studies Enterprise (WISE), an academic institute housed at the University of South Florida. He was a volunteer and founding member of the Islamic Concern Project, also known as the Islamic Committee for Palestine (ICP), which engaged

in political advocacy on Middle East issues and provide humanitarian assistance to Palestinians in the Middle East.

11.     The INS initiated deportation proceedings against Dr. Al Najjar on April 19, 1985, charging him with failure to maintain the conditions of his student visa status. This remains the only formal charge the government has ever made in any legal proceeding against Dr. Al Najjar.

12.     The Immigration Court administratively closed Dr. Al Najjar's deportation case on June 4, 1986 because Dr. Al Najjar failed to appear at a scheduled hearing. Two weeks later, however, on June 18, 1986, Dr. Al Najjar filed a request to reopen the proceedings because he had not received the hearing notice until June 6, 1986, two days after the hearing. For over ten years, the INS never responded to, and the IJ never acted upon, Dr. Al Najjar's request to reopen. Exh. D at 7.

13.     At Dr. Al Najjar's insistence, the INS re-calendared his deportation case for a February 8, 1996 hearing. Exh. C at 2. At his hearing, which was conducted by IJ Daniel Dowell, Dr. Al Najjar applied for several forms of relief from deportation, including suspension of deportation, asylum, and withholding of removal. During the hearing, the INS referred to Dr. Al Najjar's alleged ties to the PIJ, but stated that it was not seeking to deport him as an "alien terrorist" and did not intend to submit secret evidence in his deportation hearing. Exh. D at 64-65.

14.     On May 13, 1997, IJ Dowell issued a decision finding Dr. Al Najjar deportable and denying him all of the relief from deportation that he had requested. Exh. C. Dr. Al Najjar filed a timely appeal.

15.     Six days after the IJ decision, on May 19, 1997, Federal Bureau of Investigation (FBI) and INS agents arrested Dr. Al Najjar, attempted to interrogate him, and offered him United States

citizenship in exchange for his cooperation.  After invoking his right to counsel and refusing to answer their questions, Dr. Al Najjar was detained under INS authority.  To this day, he has remained in detention without any charge any criminal conduct.

16.     At the time he was detained, an FBI agent told Dr. Al Najjar that bond would be available.  However, when he was served that day with custody documents, the INS District Director had denied bond altogether.  Dr. Al Najjar immediately sought redetermination of bond before IJ Kevin McHugh.  Over Dr. Al Najjar's objections, the INS submitted classified information *in camera* and *ex parte* to support its contention that Dr. Al Najjar should be detained as a flight risk and a threat to national security.  The only information provided to Dr. Al Najjar regarding the secret evidence was an unclassified summary which stated: "[t]his Court was provided with information as to the association of the Respondent with the Palestinian Islamic Jihad." Exh. F.  This single sentence is the only substantive information Dr. Al Najjar or his attorneys have ever received regarding the secret evidence.

17.     The IJ received the secret evidence in an *in camera* and *ex parte* hearing on May 29, 1997. Exh. A at 5.  The IJ made no record of the *in camera* proceedings, which apparently contained both oral testimony and documentary evidence.  Exh. G.

18.     At the public portion of his bond redetermination hearing, Dr. Al Najjar sought to rebut the association charge by presenting several witnesses who testified that he was committed to peaceful resolution of the tensions in the Middle East, that he was not a member of the PIJ, and that he was a person of good moral character.  His witnesses included university professors, religious leaders and a former Attorney General of the United States.  Exh. A at 2-4.

19.     On June 23, 1997, the IJ upheld the INS decision to hold Dr. Al Najjar without bond.

6

In his decision, the IJ stated:

> I find that the respondent is a well respected man, socially, religiously, and professionally. He has strong community and family ties. However, based on the classified information I received during these proceedings, I find that the respondent is a threat to national security. Specifically, because of his association with the Palestinian Islamic Jihad terrorist organization. Therefore, the respondent must be detained without bond.

Exh. A at 6.

20.    Dr. Al Najjar immediately appealed the IJ's denial of his request for a bond redetermination to the BIA. The BIA did not rule on the matter for 15 months, until September 15, 1998, at which time it affirmed the IJ's decision. Like the IJ, the only substantive reason that the BIA gave for detaining Dr. Al Najjar was its determination that "the respondent is associated with the Palestinian Islamic Jihad," which it noted had been designated as a "foreign terrorist organization" by the Secretary of State. Exh. B at 12.   The BIA rejected Dr. Al Najjar's argument that the IJ should have maintained a record of the *in camera* proceeding and found the IJ process had been fundamentally fair. The BIA then considered "supplemental classified information provided by the Service," without notice to Dr. Al Najjar and without any attempt to declassify and disclose the information it considered. Exh. B at 12-13.  The BIA did not state whether it maintained a record of the supplemental classified evidence it considered.

21.    On October 26, 1999, a separate panel of the BIA upheld the IJ's deportation order. Exh. H. Dr. Al Najjar filed a petition for review with the Court of Appeals for the Eleventh Circuit on November 26, 1999, seeking review of his final order of deportation.

22.    Dr. Al Najjar is suffering irreparable injury because he is being deprived of his physical liberty in violation of due process, and because he is being deterred in his religious and political

7

associations by the INS's use of secret accusations regarding his alleged associations as the sole stated basis for his detention.

23.     Dr. Al Najjar has not made any prior application for habeas corpus relief.

## CLAIMS FOR RELIEF

### COUNT I

24.     The allegations contained in paragraphs 1 through 23 above are repeated and realleged as though fully set forth herein.   Dr. Al-Najjar's detention without bond, based on secret evidence that he has not had the opportunity to examine or confront, violates the Immigration and Nationality Act.

### COUNT II

25.     The allegations contained in paragraphs 1 through 23 above are repeated and realleged as though fully set forth herein.  Dr. Al-Najjar's detention without bond based on evidence of his alleged association with the Palestine Islamic Jihad violates the INA because such association, even if true, would not be sufficient to establish that he poses a threat to national security justifying denial of bond.

### COUNT III

26.     The allegations contained in paragraphs 1 through 23 above are repeated and realleged as though fully set forth herein.  Dr. Al-Najjar's detention without bond, based solely on secret evidence that he has not had the opportunity to examine or confront, and that may not even be properly classified, violates the Due Process Clause of the Fifth Amendment to the Constitution because it deprives him of adequate notice and a meaningful opportunity to defend himself.

8

## COUNT IV

27.     The allegations contained in paragraphs 1 through 23 above are repeated and realleged as though fully set forth herein.  The failure of the IJ to maintain a record of the secret evidence upon which Dr. Al-Najjar's detention is based, the BIA's consideration of supplemental secret evidence without notice to Dr. Al Najjar, and the possible failure of the BIA to maintain a record of the evidence it considered,  violate the Due Process Clause of the Fifth Amendment to the Constitution because the absence of a record and the consideration of different evidence by the BIA makes meaningful appellate review an impossibility and forecloses the opportunity for declassification of those portions of the *in camera* hearing that were not properly classified.

## COUNT V

28.     The allegations contained in paragraphs 1 through 23 above are repeated and realleged as though fully set forth herein.  To the extent that Dr. Al-Najjar's detention is based on hearsay evidence, his detention is fundamentally unfair and violates the Due Process Clause of the Fifth Amendment to the Constitution.

## COUNT VI

29.     The allegations contained in paragraphs 1 through 23 above are repeated and realleged as though fully set forth herein.  Dr. Al-Najjar's detention without bond, based solely on secret evidence concerning his alleged political associations, violates the procedural requirements imposed by the First Amendment to the Constitution.

## COUNT VII

30.     The allegations contained in paragraphs 1 through 23 above are repeated and realleged as though fully set forth herein.  Dr. Al Najjar's detention, based on evidence of his alleged political

9

Joseph C. Hohenstein, Esq.
Nationalities Service Center
1300 Spruce Street
Philadelphia, PA 19107
Tel. no. (215) 893-8400

Nancy Chang, Esq.
Center for Constitutional Rights
666 Broadway -- 7th Floor
New York, NY 10012
Tel. no. (212) 614-6420


Andrew H. Kayton, Esq.
Florida Bar No. 889563
American Civil Liberties Union
Foundation of Florida, Inc
3000 Biscayne Blvd., Suite 215
Miami, FL  33137
Tel. no. (305) 576-2337
Fax. no. (305) 576-1106

Martin B. Schwartz, Esq.
Florida Bar No. 880371
Law Office of Martin B. Schwartz
3434 W. Columbus Drive, suite 202
Tampa, FL 33607
Tel no.  (813) 974-9515
Fax no.  (813) 872-9149

11

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MAZEN AL NAJJAR

99-3458

## DEFENDANTS

JANET RENO, DORIS MEISNER, PAUL SCHMIDT, ROBERT WALLIS, AND S. KENT DODD.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Hillsborough
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Andrew H. Kayton, ACLU of Florida
3000 Biscayne Blvd., Miami, FL 33137
Suite 215   (305) 576-2337

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | B☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 370 Other Fraud | | | |
| ☐ 190 Other Contract | ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 892 Economic Stabilization Act |
| | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | ☐ 355 Motor Vehicle Product Liability | | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | **A CIVIL RIGHTS** | | ☐ 864 SSID Title XVI | |
| B☐ 220 Foreclosure | ☐ 441 Voting | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **PRISONER PETITIONS** | | |
| ☐ 240 Torts to Land | ☐ 443 Housing Accommodations | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 510 Motions to Vacate Sentence | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | **HABEAS CORPUS:** | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | A OR B |
| | | B☐ 530 General | A☐ 871 IRS Third Party 26 USC 7609 | |
| | | A☐ 535 Death Penalty | | |
| | | B☐ 540 Mandamus & Other | | |
| | | B☒ 550 Civil Rights | | |
| | | B☐ 555 Prison Condition | | |
| | | ☐ 790 Other Labor Litigation | | |
| | | A☐ 791 Empl. Ret. Inc. Security Act | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Habeas Corpus petition, 28 USC Sect. 2241
Immigration Nationality Act, 8 USC Sect. 1101

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  12/22/99

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

$5.00   8142849

RECEIPT #___   AMOUNT___   APPLYING IFP___   JUDGE___   MAG. JUDGE___